IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

UNITED STATES OF AMERICA

v.     CRIMINAL NO. 3:17-cr-59-DCB-LRA

IDA MAE SAM     DEFENDANT

ORDER

This cause is before the Court on defendant Ida Mae Sam's Motion in Limine Excluding Evidence of Defendant's Prior Convictions or Bad Acts **(docket entry 22)**. Having carefully considered the motion, the government's response, and applicable statutory and case law, and being otherwise fully informed in the premises, the Court finds and orders as follows:

The defendant, Ida Mae Sam ("Sam"), is charged in a two-count indictment alleging, *inter alia*, that she committed assault with a dangerous weapon, with intent to do bodily harm, in violation of 18 U.S.C. § 113(a)(3) and assault resulting in serious bodily injury in violation of 18 U.S.C. § 113(a)(6). Trial in this matter is scheduled for August 28, 2017. In preparation for the upcoming trial, the defendant filed her Motion in Limine on August 16, 2017, wherein she requests that all evidence of her prior convictions or bad acts be excluded pursuant to Federal Rule of Evidence 404(b). Within her motion, Sam asserts that any evidence of prior convictions or bad acts upon which the government may rely "simply are not admissible under Rule 404(b)." Doc. 22, p. 2. Sam contends

1

that the affirmative value of her past convictions, bad acts, or arrests is substantially outweighed by the danger of unfair prejudice in this case. According to Sam, evidence of her criminal history and prior bad acts would tempt members of the jury to convict her based on their belief that she is a bad person, rather than on the belief that she is guilty of the crimes charged.

In response to the motion, the Government has identified five prior bad acts and convictions of the defendant which it intends to introduce at trial: (1) a 2005 conviction for assault with a deadly weapon with intent to do bodily harm; (2) assault with a baseball bat in 2015; (3) a 2016 conviction in tribal court for Battery/Domestic, which involved an assault with a beer bottle and knife; (4) aggravated assault with a beer bottle in 2017; and (5) evidence of threats to harm a potential witness. See Doc. 23. The prosecution contends that each of these extrinsic acts and convictions are admissible for the purpose of proving intent under Rule 404(b). Should the Court allow the evidence, the Government also requests a limiting instruction to advise the jury to consider the extrinsic offenses evidence for its limited purpose.

## II. Discussion

Under Rule 404(b), "evidence of a crime, wrong, or other act is not admissible to prove a person's character" in order to show that on a particular occasion the person acted in accordance therewith, but such evidence may be admissible for another purpose,

2

"such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." Fed. R. Evid. 404(b)(1), (2). The admissibility of bad acts evidence under Rule 404(b) is governed by the two-part test set forth in United States v. Beechum, 582 F.2d 898, 911 (5th Cir. 1978) (en banc). This two-part inquiry requires a determination that: (1) "the extrinsic offense evidence is relevant to an issue other than the defendant's character," and (2) the evidence "possess[es] probative value that is not substantially outweighed by its undue prejudice . . . and meet[s] the other requirements of [Federal Rule of Evidence] 403." United States v. Juarez, ---F.3d----, 2017 WL 3379261, at *2 (5th Cir. 2017) (quoting Beechum, 582 F.2d at 911).

The relevance of an extrinsic offense under the first prong of the Beechum analysis "is a function of its similarity to the offense charged." Beechum, 582 F.2d at 911. When extrinsic offense evidence is offered to prove intent, relevancy is determined by comparing the state of mind of the defendant in perpetrating both the extrinsic and charged offenses. Id. "A finding that the offenses involved the same state of mind renders the extrinsic offense relevant to an issue other than character because it lessens the likelihood that the defendant acted with lawful intent in connection with the charged offense." United States v. Gordon, 780 F.2d 1165, 1173-74 (5th Cir. 1986). As a predicate to

3

determining that the extrinsic offense is relevant, the Government must also offer sufficient proof demonstrating that the defendant committed the extrinsic offense. Beechum, 582 F.3d at 913 (noting the conditional relevance standard under Rule 104(b)); United States v. Smith, 804 F.3d 724, 735 (5th Cir. 2015) ("proof of an uncharged offense is sufficient if 'the jury could reasonably find' that the offense occurred 'by a preponderance of the evidence'"). "Once it is determined that the extrinsic offense requires the same intent as the charged offense and that the jury could find that the defendant committed the extrinsic offense, the evidence satisfies the first step under Rule 404(b)." Beechum, 582 F.3d at 913.

As to the second prong of the Beechum test, several factors guide the Court's inquiry when weighing the evidence pursuant to Rule 403: "(1) the government's need for the extrinsic evidence, (2) the similarity between the extrinsic and charged offenses, (3) the amount of time separating the two offenses, and (4) the court's limiting instructions." Juarez, ---F.3d----, 2017 WL 3379261, at *2 (quoting United States v. Smith, 804 F.3d 724, 736 (5th Cir. 2015)). Additionally, the Court considers the overall prejudicial effect of the extrinsic evidence, which includes a "commonsense assessment of all the circumstances surrounding the extrinsic offense." Id.

Considering the standard for admissibility set forth in Rule 404(b) and Beechum, the Court shall address the admissibility of each of the proffered offenses in turn.

### A. *2005 Assault Conviction*

In 2005, Sam was convicted of assault with a deadly weapon with the intent to do bodily harm. As to the first prong under Beechum, the Court finds that this prior conviction is relevant to the issue of intent. The state of mind required for a conviction on this prior assault is the same as the state of mind required for the present offense, i.e. assault with a dangerous weapon with the intent to do bodily harm. Thus, evidence of the prior assault conviction is relevant to an issue other than character because it lessens the likelihood that Sam acted with lawful intent in connection with the charged assault.

As to the second prong under Beechum, however, the Court is unconvinced that the 2005 conviction passes muster under Rule 403. While intent is a necessary element of the offense charged, the probative value of Sam's 2005 conviction is low. Though Sam's prior conviction appears to be for the same violent offense for which she is charged in this case, "[s]imilarity between the prior and charged offenses increases both the probative value and prejudicial effect of extrinsic evidence." Juarez, ---F.3d----, 2017 WL 3379261, at *2. From the record, there is no apparent similarity between the facts and circumstances surrounding the

5

prior assault and the assault charged here. Additionally, 10 years separate the prior conviction and charged assault, a fact which further lessens the probative value and weighs against admission. see Juarez, ---F.3d----, 2017 WL 3379261, at 3 ("This Court has found that evidence of misconduct committed less than three years prior to the charged crime is admissible, while suggesting that ten years may be too remote."); but see United States v. Hernandez-Guevara, 162 F.3d 863, 872 (5th Cir. 1998) ("the age of a prior conviction has never been held to be a *per se* bar to its use under Rule 404"); United States v. Chavez, 119 F.3d 342, 346-47 (5th Cir. 1997) (holding that admission of defendant's fifteen-year old conviction to prove intent was not an abuse of discretion where the other evidence of intent was sparse). The 2005 assault conviction, a remote conviction presenting minimal factual similarity to the offense charged, will offer scant evidence of Sam's intent during the 2015 assault. Comparing the conviction's marginal probative value with the substantial prejudice which inevitably accompanies evidence of prior convictions for violent offenses, the Court finds that this extrinsic offense should be excluded. Sam's motion in limine is therefore granted as to the 2005 assault conviction.

### *C. 2016 Battery/Domestic Conviction*

In addition to the 2005 assault conviction, the prosecution intends to introduce evidence showing that Sam was convicted of

Battery/Domestic in tribal court in 2016 after assaulting an individual named O'Neal Bell with a beer bottle and knife. Less than three years separate Sam's 2016 conviction from the charged offense, and there appears to be some similarity between the charged assault and the prior assault forming the basis of Sam's 2016 conviction. That said, the Court recognizes the inherent prejudice which results from the admission of past convictions for violent offenses and finds that additional information is needed to properly assess the probative value of Sam's 2016 conviction in relation to its prejudicial effect. The Court shall therefore reserve ruling on the admissibility of Sam's 2016 conviction until trial, at which time the parties may present oral arguments outside the presence of the jury.

### *B. Other Assaults*

The Government also intends to introduce evidence of two prior assaults committed by Sam. The first incident occurred in January of 2015 when Sam allegedly assaulted O'Neal Bell with a metal baseball bat. The second incident occurred in March of 2017 when Sam allegedly committed aggravated assault against the same individual with a beer bottle, causing cuts and abrasions. Unlike the 2005 and 2016 assaults, it does not appear that Sam was convicted of these alleged crimes. Relying on the Government's representations, the Court finds that evidence of these extrinsic offenses is inadmissible under Rule 404(b).

7

While intent is a key issue at trial, the relevancy of these prior assaults to an issue other than the defendant's character is questionable. See United States v. Martin, 505 F.2d 918, 923 (5th Cir. 1974) (noting diminished probative value of prior crimes involving "a quickly and spontaneously formed intent," such as assault); United States v. Bettencourt, 614 F.2d 214, 217 (9th Cir. 1980) ("a showing of intent to assault on an earlier occasion proves little, if anything, about the intent to assault at some later time"); United States v. Commanche, 577 F.3d 1261 (10th Cir. 2009) (noting that defendant's prior aggravated battery convictions demonstrated nothing about defendant's intent in trial for charges of assault with a dangerous weapon). Because the defendant was not convicted in either of these instances, it follows that her intent in committing these assaults was never proven. Moreover, the Government has failed to produce sufficient evidence demonstrating that these offenses occurred and that Sam committed them. See Beechum, 582 F.3d at 913 (noting the conditional relevance standard under Rule 104(b)).

Insofar as these prior offenses are relevant to proving Sam's intent in the instant case, the probative value of such evidence is substantially outweighed by its prejudicial effect. These prior assaults involved different victims and different weapons than those involved here, and there appears to be no factual connection between these prior crimes and the current offense. Evidence that

Sam committed these prior attacks offers little, if any, proof that Sam acted with the requisite intent during the assault charged. Allowing evidence of these prior assaults would indisputably encourage the jury to convict Sam based on a demonstrated propensity towards violence, a result which Rule 404(b) was specifically designed to prevent. The defendant's motion as it relates to these assaults shall be granted, and the 2015 and 2017 assaults shall be excluded from the Government's case-in-chief.

### *E. Threats to Potential Witness*

For the same reasons evidence of Sam's 2015 and 2017 assaults against O'Neal Bell are inadmissible, the unspecified threats made to potential witnesses should also be excluded from the Government's case-in-chief under Rule 404(b). The only conceivable purpose to be served by admitting evidence that Sam threatened a potential witness in this matter is to demonstrate the defendant's character and predisposition towards violence. Evidence that the defendant has threated a potential witness does not tend to prove that she acted with the requisite intent during the assault charged, and the probative value, if any, of this evidence towards the issue of intent would be substantially outweighed by the prejudice which would undoubtedly result from its admission. The defendant's motion in limine shall also be granted as it relates to this bad acts evidence.

III. Conclusion

The Court finds that evidence of Sam's 2005 conviction, 2015 assault, 2017 aggravated assault, and threats made to a potential witness, shall be excluded under Rule 404(b). The Court reserves ruling on the admissibility of Sam's 2016 tribal court conviction until trial, and the parties are instructed to refrain from making any reference to the conviction prior to obtaining a ruling from the Court as to admissibility outside the presence of the jury. Should the Government desire to introduce other bad acts evidence not described herein, the Government is also instructed to refrain from making reference to such evidence without first obtaining a ruling from the Court as to admissibility outside the presence of the jury. As the motion and response address only the admissibility of Sam's prior bad acts and convictions as substantive evidence under Rule 404(b), the Court finds it unnecessary to determine the admissibility of Sam's prior convictions for impeachment purposes under Rule 609 at this stage. Should the defendant choose to take the stand in her defense, the Court shall reserve ruling on the admissibility of Sam's prior convictions for impeachment purposes at that time.

Accordingly,

IT IS HEREBY ORDERED AND ADJUDGED that Sam's Motion in Limine is GRANTED IN PART as to: (1) the 2005 conviction for assault with a deadly weapon with intent to do bodily harm; (2) the 2015 assault

of O'Neal Bell, (3) the 2017 aggravated assault of O'Neal Bell, and (4) the evidence of threats to harm a potential witness. The Court shall reserve ruling on the admissibility of Sam's 2016 tribal court conviction for Battery/Domestic until trial, at which time the parties may present oral argument outside the presence of the jury.

SO ORDERED, this the 23rd day of August, 2017.

/s/ David Bramlette
UNITED STATES DISTRICT JUDGE