# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# NORTHERN DIVISION

**UNITED STATES OF AMERICA**

V.                                                    CRIMINAL NO. 3:17-cr-59-DCB-LRA

**IDA MAE SAM**                                                                  DEFENDANT

## ORDER

This cause is before the Court on Defendant Ida Mae Sam's Motion in Limine Excluding Evidence of Defendant's Prior Convictions or Bad Acts **[Doc. No. 43]**. Having considered the motion, the Government's response [Doc. No. 44], and applicable statutory and case law, and being otherwise fully informed in the premises, the Court finds as follows:

### I.  Procedural History

The Government charged Sam with (1) one count of assault with a dangerous weapon under 18 U.S.C. § 113(a)(3), and (2) one count of assault resulting in serious bodily injury under 18 U.S.C. § 113(a)(6) [Doc. No. 1]. The indictment alleges Sam assaulted a fellow Choctaw Indian on the Pearl River Community of the Choctaw Indian Reservation in Neshoba County, Mississippi [Doc. No. 1].

This case was originally tried on August 28-29, 2017. The Court declared a mistrial on August 29, 2017 after the jury failed to reach a verdict [Minute Entry of 8/29/17]. This case is set for re-trial on October 30, 2017.

With trial approaching, Sam moves to exclude evidence of her prior convictions or bad acts under Federal Rules of Evidence 403 and 404(b) [Doc. No. 43].[1] Sam fails to pinpoint any prior conviction or bad act; instead, she advances the legal conclusion "that any prior bad acts on which the Government may rely simply are not admissible under Rule 404(b)" [Doc. No. 43, p. 2].

The Government does not intend to use any of Sam's prior bad acts or convictions in its case-in-chief [Doc. No. 44, p. 1]. Yet the Government "reserves the right" to use five convictions or bad acts: (1) a 2005 conviction for assault with a deadly weapon; (2) a 2015 assault with a baseball bat; (3) a 2016 tribal court conviction for battery/domestic; (4) a 2017 aggravated assault with a beer bottle; and (5) evidence of threats to harm a potential witness [Doc. No. 44, pp. 1-2].

## II. Discussion

Prior bad acts or convictions are inadmissible to prove a person's bad character. FED. R. EVID. 404(b); United States v. Wallace, 759 F.3d 486, 493 (5th Cir. 2014). But they may be admitted for another purpose if (1) the prior bad act is relevant to an issue other than the defendant's character; and (2) its

---

[1] Sam filed an identical motion in the lead-up to the original trial [Doc. No. 22]. The Court partially granted that *in limine* motion, excluding the following evidence from the August 28-29, 2017 trial: (1) Sam's 2005 conviction for assault with a deadly weapon with intent to do bodily harm; (2) Sam's 2015 assault of O'Neal Bell; (3) Sam's 2017 aggravated assault of O'Neal Bell; and (4) Sam's alleged threats to harm a potential witness [Doc. No. 24]. The Court reserved ruling on the admissibility of Sam's 2016 tribal court conviction for battery/domestic until trial.

probative value is not substantially outweighed by its undue prejudice under Rule 403. United States v. Jones, ___ F.3d ___, 2017 WL 4564238, *9 (5th Cir. 2017) (citing United States v. Beechum, 582 F.2d 898, 911 (5th Cir. 1978) (en banc)).

The relevance of a prior bad act or conviction "is a function of its similarity to the offense charged." Beechum, 582 F.2d at 911. For example, a defendant's prior conviction is relevant to the defendant's intent to commit the charged offense if the prior conviction required proof of the same culpable mental state as the charged offense. See, e.g., Smith, 804 F.3d at 736. The reasoning is "the defendant had unlawful intent in the extrinsic offense," therefore "it is less likely that he had lawful intent in the present offense." Id. at 911.

After assessing relevance, the Court shifts its focus to the familiar Rule 403 analysis. To determine if the probative value of the prior conviction or other bad act substantially outweighs its prejudicial effect, the Court considers "(1) the Government's need for the extrinsic evidence; (2) the similarity between the extrinsic and charged offenses; (3) the amount of time separating the two offenses; and (4) the Court's limiting instructions." United States v. Smith, 804 F.3d 724, 736 n. 50 (5th Cir. 2015) (internal quotation marks omitted). In the Rule 404(b) context, the Rule 403 factors guard against a jury's tendency to convict a

defendant for an extrinsic offense, rather than the one for which she stands trial. See Beechum, 582 F.2d at 914.

Although the Government disclaims any intention of using Sam's prior convictions or other bad acts in its case-in-chief, the Court addresses the admissibility of each in turn.

**A.     2005 Conviction – Assault with a Deadly Weapon**

The Government "reserved the right" to offer evidence of Sam's 2005 conviction for assault with a deadly weapon [Doc. No. 44, p. 1]. Sam's 2005 assault conviction is inadmissible unless (1) is relevant to an issue other than Sam's character; and (2) its probative value substantially outweighs its prejudicial effect under Rule 403. Beechum, 582 F.2d at 911.

    i). Relevance

Sam's assault with a deadly weapon conviction is relevant to intent ⎯⎯ an issue other than Sam's character ⎯⎯ because the state of mind required to convict for assault with a deadly weapon is the same state of mind required to support a conviction for the charged offenses. See United States. v. Chandler, 368 Fed. App'x 495, 499 (5th Cir. 2010) (defendant's prior conviction of crime requiring same mental state as charged offense made the "conviction relevant to the issue of intent and satisfie[d] step one of Beechum.").

ii). Rule 403

The first Rule 403 criterion weighs against admissibility because the Government does not assert a need for evidence of this conviction [Doc. No. 44].

The second criterion is neutral. The 2005 assault conviction is the same offense for which Sam is set to stand trial on October 30, 2017, and therefore is of high probative value. Juarez, 866 F.3d at 628. But similarity cuts both ways: "a close resemblance between the extrinsic offense and the charged offense also increases the unfair prejudice to the defendant." United States v. Hernandez-Guevara, 162 F.3d 863, 872 (5th Cir. 1998).

The third criterion, length of time, supports Sam's position because over a decade has elapsed since Sam's 2005 conviction. And the more remote the other-act from the present charge, the lower its probative value. See United States v. Grimes, 244 F.3d 375, 384-85 (5th Cir. 2001).

Having weighed the Rule 403, the Court concludes that the probative value of Sam's 2005 assault conviction is substantially outweighed by its prejudicial effect under Rule 403. See Jones, 2017 WL 4564238 at *9. Therefore, Sam's Motion in Limine is granted as to this conviction.

**B. 2016 Tribal Court Conviction – Battery/Domestic**

The Government "reserves the right" to offer evidence of Sam's 2016 tribal court conviction for battery/domestic [Doc. No. 44, p.

5

2]. Evidence of this conviction is inadmissible unless (1) is relevant to an issue other than Sam's character; and (2) its probative value substantially outweighs its prejudicial effect under Rule 403. Beechum, 582 F.2d at 911.

On this tribal court conviction, the Court finds that it cannot conduct a proper Beechum analysis for lack of information. The parties offer neither the facts nor the legal elements underlying Sam's 2016 tribal court conviction [Doc. Nos. 43, 44]. Without more, the Court cannot asses the relevance of the conviction under Beechum's first prong, nor can it weigh the probative value of evidence of this conviction against its prejudicial effect, as Rule 403 and Beechum's second prong require.

In any event, a Beechum analysis may prove unnecessary because the Government represents that it does not intend to use evidence of this conviction in its case-in-chief [Doc. No. 44, p. 1]. If the Government later decides it wishes to offer evidence of Sam's tribal court conviction, it must overcome its failure to provide Sam reasonable pre-trial notice of the general nature of that evidence. FED. R. EVID. 404(b)(2)(A)-(B); United States v. Tomblin, 46 F.3d 1369, 1388 (5th Cir. 1995). With trial less than one week away, the Government cannot offer evidence of Sam's tribal court conviction for a purpose other than impeachment unless it proves "good cause." Fed. R. Evid. 404(b)(2)(B); see also United States v. Carrillo, 660 F.3d 914, 928 (5th Cir. 2011) (trial court abused

6

its discretion in admitting testimony regarding extrinsic offense after government failed to provide reasonable pre-trial notice).

Therefore, the Court reserves ruling on the admissibility of Sam's 2016 conviction for battery/domestic until trial. If the Government decides it wishes to present evidence of this conviction, it must prove good cause justifying its failure to provide Sam reasonable pre-trial notice. FED. R. EVID. 404(b)(2)(B). If the Government proves good cause, then the parties may present oral argument as to the admissibility of this conviction outside the presence of the jury.

    **C.**   **Uncharged Acts**

The Government "reserves the right" to offer evidence of three bad acts that did not result in a conviction: a 2015 assault with a baseball bat, a 2017 aggravated assault with a beer bottle; and threats to harm potential witnesses [Doc. No. 44, p. 2]. Each of these other acts is inadmissible unless the Government shows (1) is relevant to an issue other than Sam's character; and (2) its probative value substantially outweighs its prejudicial effect under Rule 403. Beechum, 582 F.2d at 911.

    i). Relevance

The uncharged acts cited by the Government fail Beechum's relevance prong. None of these acts appear relevant to any issue other than Sam's penchant for violence. These prior acts cannot be relevant to intent: none of the cited acts generated a conviction,

7

so intent was never proven. What is more, the Government fails to produce evidence from which a jury could reasonably find that Sam committed these uncharged acts. Smith, 804 F.3d at 735; FED. R. EVID. 104(b). Because the Government failed to offer sufficient proof of these uncharged acts, they are irrelevant. Beechum, 582 F.2d at 913; United States v. Gutierrez-Mendez, 752 F.3d 418, 424 (5th Cir. 2014).

    ii). Rule 403

The uncharged acts also fail Beechum's Rule 403 prong. The Government does not argue that these uncharged acts are relevant to an issue other than Sam's character. Because the uncharged acts are not relevant to any issue other than Sam's propensity for violence, the prejudicial effect of admitting evidence of those acts substantially outweighs their low probative value as a matter of law. See Beechum, 582 F.2d at 910. Therefore, Sam's Motion in Limine is granted as to these other uncharged acts.

### III. Conclusion

The Court rules that evidence of Sam's 2005 conviction, 2015 assault, 2017 aggravated assault, and threats made to a potential witness shall be excluded under Rule 404(b).

The Court reserves ruling on the admissibility of Sam's 2016 tribal court conviction until trial. Should the Government reverse course and express an intention to offer evidence of Sam's 2016 tribal court conviction for battery/domestic, it must prove good

cause excusing its failure to provide Sam reasonable pre-trial notice. Fed. R. Evid. 404(b)(2)(B). If the Government shows good cause, then the Court shall rule on the admissibility of Sam's 2016 tribal court conviction for battery/domestic at trial, at which time the parties may present oral argument outside the presence of the jury.

The Government shall not refer to any bad acts evidence not described in this Order without first obtaining a ruling from the Court on the admissibility of the evidence.

Because Sam's motion in limine and the Government's response address only the admissibility of Sam's prior bad acts and convictions as substantive evidence under Rule 404(b), the Court pretermits any discussion of the admissibility of Sam's prior convictions for impeachment purposes under Rule 609. Should Sam elect to take the stand in her defense, the Court shall rule on the admissibility of Sam's prior bad acts and convictions for impeachment purposes at that time.

Accordingly,

**IT IS HEREBY ORDERED** that Sam's Motion in Limine **[Doc. No. 43]** is **GRANTED IN PART** as to: (1) the 2005 conviction for assault with a deadly weapon with intent to do bodily harm; (2) the 2015 assault of O'Neal Bell; (3) the 2017 aggravated assault of O'Neal Bell; and (4) the evidence of threats to harm a potential witness. Should the Government express an intention to offer evidence of

Sam's 2016 tribal court conviction for Battery/Domestic, it must prove good cause excusing its failure to provide Sam reasonable pre-trial notice. If the Government shows good cause, then the Court shall rule on the admissibility of Sam's 2016 tribal court conviction for Battery/Domestic at trial, at which time the parties may present oral argument outside the presence of the jury.

SO ORDERED this the 24th day of October, 2017.

/s/ David Bramlette  
UNITED STATES DISTRICT JUDGE